**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 08-4230** |
| **LORENE EASTON, ET AL.** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Currently pending before the Court is Plaintiff-in-Interpleader Lincoln National Life Insurance Company's Motion for Summary Judgment (Rec. Doc. 11). For the following reasons, the motion is GRANTED.

## I. BACKGROUND

This matter is an interpleader proceeding brought when Lincoln National Life Insurance Company ("Lincoln") received competing claims on two life insurance policies that it had issued on the life of Mr. Richard Rogers, an employee of Margaritaville Enterprises. On or about June 15, 2007, Mr. Rogers executed an Enrollment Form for Group Insurance enrolling in coverage offered under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Margaritaville Enterprises established and maintained the benefit plan to provide life insurance coverage for all of its eligible employees.

Mr. Rogers enrolled in two life insurance coverages. The first coverage was for basic group life insurance in the amount of $25,000, and the second coverage was for voluntary life insurance coverage in the amount of $90,000. On the Enrollment Form, Mr. Rogers listed Ms. Lorene Easton as the sole beneficiary of both policies.

1

On March 16, 2008, Mr. Rogers passed away. Shortly thereafter, Lincoln received competing claims on both policies from Lorene Easton, the named beneficiary, and Melissa Rogers, Mr. Rogers' daughter. Lincoln readily acknowledges that death benefits and interest through August 31, 2008, are due and payable under the policies in the amount of $117,671.18. Unable to discern the proper party to receive the proceeds under the policies, Lincoln joined both claimants to the proceeds and deposited the proceeds plus interest into the registry of court.

Lincoln now moves for summary judgment and seeks dismissal from the proceedings with prejudice. Lincoln notes that it does not claim that it is entitled to any of the funds and has conceded liability in full. Further, Lincoln reports that it has incurred costs, including attorney's fees, in excess of $4,000 in handling this case. However, Lincoln requests only a partial award of $3,000 for its costs and attorney's fees in facilitating this interpleader action.

Ms. Easton has consented to the granting of Lincoln's motion. Despite efforts to contact Ms. Rogers, counsel for Lincoln was unable to reach her prior to filing the motion for summary judgment. Although Ms. Rogers did not timely respond to the motion, she did file a late opposition more than one month after the filing deadline had passed. Ms. Rogers does not address the merits of Lincoln's request in her opposition, but rather argues that, "if there should be an award of recovery to [Lincoln], it should be given after final judgment of original claim, and in a proportional manner to the 2 claimants benefits." Rec. Doc. 13.

## II. LAW & ANALYSIS

### A. Dismissal

As an initial matter, the Court finds that Lincoln has fulfilled its obligations under the policies by joining the claimants, conceding liability in full, depositing the full amount of

2

proceeds plus interest into the registry of the court, and disclaiming any entitlement to any portion of the proceeds. Lincoln is a disinterested stakeholder in this matter and does not have any substantial controversy with any of the claimants. Accordingly, the Court finds that Lincoln's motion is well-founded and, as a result, Lincoln should be dismissed from these proceedings with prejudice.

### B. Attorney's Fees

A district court has the authority to award reasonable attorney's fees in interpleader actions. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983). "The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *See Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999); *see also Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980) ("[C]osts and attorney's fees are generally awarded by federal courts to the plaintiff who initiated the interpleader as a mere stakeholder...").

In handling this case, Lincoln has incurred more than $4,000 in total attorney's fees and costs. Lincoln does not, however, seek the full amount of its attorney's fees and costs; rather, Lincoln seeks only $3,000 in compensation for its efforts to investigate the competing claims, file pleadings to institute this interpleader action, deposit the proceeds into the registry of the court, and attempt to facilitate contact with both of the claimants. Ms. Easton consents to the award of attorney's fees, but Ms. Rogers opposes any award at this time and argues that no funds should be distributed prior to a final adjudication on the merits.

The Court finds that an award of $3,000 for Lincoln's attorney's fees and costs is

reasonable and appropriate, especially given the fact that Lincoln has already expended well more than $4,000 in handling this matter. Lincoln, a disinterested stakeholder in these proceedings, has fulfilled its obligations under the policies. If the Court were to deny Lincoln's motion and decline to award costs at this time as Ms. Rogers has requested, Lincoln's total attorney's fees and costs would likely increase over the duration of this litigation, thus further reducing the amount of proceeds ultimately available to the rightful beneficiary or beneficiaries under the policy.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Lincoln's Motion for Summary Judgment (Rec. Doc. 11) is GRANTED and Lincoln is hereby dismissed from these proceedings WITH PREJUDICE.

IT IS FURTHER ORDERED that Lincoln is entitled to an award of $3,000 in reasonable costs and attorney's fees, to be disbursed from the proceeds currently held in the registry of the court. Lincoln is directed to file a Motion for Disbursement of Registry Funds in accordance with Local Rule 67.3 in order to facilitate the disbursement of this award.

New Orleans, Louisiana, this 6th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE

CC: Financial Unit